[663 NYS2d 241]

In the Matter of VIRGINIA L. BISHOP, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH
JUDICIAL DISTRICTS, Petitioner.

Second Department, October 20, 1997

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn, for petitioner.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition

containing seven charges of professional misconduct. After a hearing, at which the respondent appeared *pro se* and testified, the Special Referee sustained all seven charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has neither cross-moved nor submitted any papers in opposition.

Charge One alleged that the respondent improperly converted funds entrusted to her as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

In or about February 1993 the respondent, after being retained by beneficiaries of the estate of Elizabeth Anton, was entrusted with the sum of $31,214.20, representing proceeds from the sale of an estate asset. The sum was to be held by the respondent in escrow pending distribution. On or about February 24, 1993, the respondent deposited those funds into her Chemical Bank IOLA account.

On or about May 21, 1993, at a time when the funds had yet to be properly disbursed, the balance in the respondent's account was depleted to $16,890.40.

Charge Two alleged that the respondent improperly converted funds entrusted to her as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

In connection with her representation of Angelique and Peter Rodopoulos in the sale of their real property, the respondent was entrusted with a down payment of $5,000 to be held in escrow. The respondent deposited that sum into her escrow account on or about March 16, 1995. The respondent was required to maintain a balance of at least $5,000 until the closing in June 1995. On or about March 20, 1995, the balance in the respondent's escrow account was depleted to $4,438.27. It was depleted to $709.69 by April 17, 1995.

Charge Three alleged that the respondent improperly converted funds entrusted to her as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

In connection with her representation of Doris Martin in the sale of her real property, the respondent was entrusted with a down payment of $8,000 to be held in escrow. The respondent deposited that sum into her escrow account on or about April 21, 1995. Between April 21, 1995 and September 1995, when

the transaction was cancelled, the respondent was required to maintain a minimum balance of $8,000 in her escrow account. The balance was depleted to $7,853.43 on April 26, 1995, and to $3,845.28 on June 6, 1995.

Charge Four alleged that the respondent commingled her personal funds with monies entrusted to her as a fiduciary incident to her practice of law, pursuant to Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Between February 1993 and November 1995 the respondent deposited into her escrow account monies entrusted to her as a fiduciary, incident to her practice of law. Between July 1994 and August 1995 she also deposited her personal funds and maintained them in that account.

Charge Five alleged that the respondent failed to maintain required bookkeeping records, in violation of Code of Professional Responsibility DR 9-102 (D) and (I) (22 NYCRR 1200.46 [d], [i]).

Between February 1993 and November 1995 the respondent made deposits into and withdrawals from her attorney escrow account. She failed to maintain a record of those deposits and withdrawals in an escrow account ledger book or similar record.

Charge Six alleged that the respondent improperly drew upon her attorney escrow account checks payable to cash, in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46 [e]).

Between February 1993 and September 1995 the respondent maintained an attorney escrow account into which she deposited monies entrusted to her as a fiduciary, incident to her practice of law. Between July 1994 and August 1995 the respondent drew upon that escrow account numerous checks payable to cash.

Charge Seven alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), Judiciary Law § 468-a, and 22 NYCRR 118.1.

From on or about November 3, 1992 to date, the respondent has failed to properly register as an attorney.

Based on the respondent's admissions, the Special Referee properly sustained the charges and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigating circumstances of-

fered by the respondent, including the history of domestic violence to which she was subjected and her own medical problems. Notwithstanding the evidence offered in mitigation, the respondent conceded that she withdrew checks from her escrow account payable to cash to be used for rent, cable television, and other personal uses. Under the circumstances, the respondent is guilty of multiple acts of conversion which warrant her disbarment.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Virginia L. Bishop is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Virginia L. Bishop is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.